

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

David M. Eskew
Assistant United States Attorney

970 Broad Street, Suite 700
Newark, New Jersey 07102

Direct Dial: (973)645-2785
Facsimile: (973) 645-3497

August 27, 2013

Joseph Corozzo
260 Madison Avenue
New York, New York 10016

      Re: <u>Plea Agreement with VINCENT CERCHIO</u>

Dear Mr. Corozzo:

      This letter sets forth the plea agreement between your client, VINCENT CERCHIO, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from VINCENT CERCHIO to a one-count information, which charges that VINCENT CERCHIO knowingly and intentionally conspired to commit cargo theft, contrary to Title 18, United States Code, Section 659, in violation of Title 18, United States Code, Section 371. If VINCENT CERCHIO enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against VINCENT CERCHIO for his conspiracy to commit cargo theft on or about July 31, 2010. This agreement, however, does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution under Title 18, United States Code Sections 1961 <u>et seq</u>. and 924(c). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, VINCENT CERCHIO agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by VINCENT CERCHIO may be commenced against him, notwithstanding the expiration of the limitations period after VINCENT CERCHIO signs the agreement.

## Sentencing

The violation of Title 18, United States Code, Section 371 to which VINCENT CERCHIO agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon VINCENT CERCHIO is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, Title 18, United States Code, Section Sections 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence VINCENT CERCHIO ultimately will receive.

Further, in addition to imposing any other penalty on VINCENT CERCHIO, the sentencing judge: (1) will order VINCENT CERCHIO to pay an assessment of $100 pursuant to Title 18, United States Code, Section 3013, which assessment must be paid by the date of sentencing; (2) may order VINCENT CERCHIO to pay restitution pursuant to Title 18, United States Code, Section 3663 et seq.; (3) may order VINCENT CERCHIO, pursuant to Title 18, United States Code, Section 3555, to give notice to any victims of his offense; (4) must order forfeiture, under Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461; and (5) pursuant to Title 18, United States Code, Section 3583, may require VINCENT CERCHIO to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should VINCENT CERCHIO be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, VINCENT CERCHIO may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on VINCENT CERCHIO by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information

relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of VINCENT CERCHIO's activities and relevant conduct with respect to this case.

Stipulations

This Office and VINCENT CERCHIO agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or VINCENT CERCHIO from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Immigration Consequences

VINCENT CERCHIO understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Waiver of Appeal and post-Sentencing Rights

As set forth in Schedule A, this Office and VINCENT CERCHIO waive certain rights to file an appeal, collateral attack, writ, or motion after resentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against VINCENT CERCHIO. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against VINCENT CERCHIO.

## No Other Promises

This agreement constitutes the plea agreement between VINCENT CERCHIO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: _____
David M. Eskew
Assistant U.S. Attorney

Approved:

_____
Jennifer Davenport
Deputy Chief, General Crimes Unit

I have received this letter from my attorney, Joseph Corozzo. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and any possible immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: 2/3/13
VINCENT CERCHIO

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: 2/20/14
Joseph Corozzo

-5-

## Plea Agreement with VINCENT CERCHIO

## SCHEDULE A

1. This Office and VINCENT CERCHIO recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and VINCENT CERCHIO nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence VINCENT CERCHIO within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and VINCENT CERCHIO further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case.

3. The applicable guideline for this offense is U.S.S.G. § 2B1.1(a)(2), which results in a Base Offense Level of 6.

4. Because the loss associated with VINCENT CERCHIO's criminal conduct and the criminal conduct of his co-conspirators was more than $120,000 but not more than $200,000, Specific Offense Characteristic § 2B1.1(b)(1)(F) applies, resulting in an increase of 10 levels.

5. Because the offense involved the theft of cargo, Specific Offense Characteristic § 2B1.1(b)(13) applies, resulting in an increase of 2 levels.

6. VINCENT CERCHIO was a minor participant in the relevant criminal activity, pursuant to U.S.S.G. § 3B1.2(b). This results in a decrease of 2 levels.

7. As of the date of this letter, VINCENT CERCHIO has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if VINCENT CERCHIO's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, VINCENT CERCHIO has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in VINCENT CERCHIO's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) VINCENT CERCHIO enters a plea pursuant to this agreement; (b) this Office in its discretion determines that

-6-

VINCENT CERCHIO's acceptance of responsibility has continued through the date of sentencing and VINCENT CERCHIO therefore qualifies for a 2 level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a); and (c) VINCENT CERCHIO's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to VINCENT CERCHIO will be 13 (collectively, the "agreed total Guidelines offense level").

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

11. VINCENT CERCHIO knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 13. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 13. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.